# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JESUS CARRASCO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE FARM INSURANCE,<br><br>　　　　　Defendant. | Case No. 18-cv-06509-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; VACATING MAY 9, 2019 HEARING**<br><br>[Re: ECF 7] |

　　　　Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm")[1] Motion to Dismiss or in the Alternative, Motion for Summary Judgment or Partial Summary Judgment. Mot., ECF 7. Plaintiff Jesus Carrasco did not file an opposition. Pursuant to Civil Local Rule 7-1(b), the Court finds the motion suitable for submission without oral argument and VACATES the hearing scheduled for May 9, 2019. Though the Court does not believe that summary judgment is appropriate at this stage, State Farm's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

　　　　Sometime before April 18, 2015, State Farm issued to Carrasco an automobile insurance policy, which provided for underinsured motorist coverage. Compl. ¶ 7, ECF 1.[2] The policy also includes a provision governing when the insured can take legal action against State Farm. In relevant part, the policy states:

> 14. **Legal Action Against Us**
>
> Legal action may not be brought against *us* [State Farm] until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against us regarding:

---

[1] State Farm was identified as State Farm Insurance in the Complaint.
[2] Carrasco's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

. . .

    c. Uninsured Motor Vehicle Coverage if within two years from the date of the accident:

        (1) a lawsuit for *bodily injury* has been filed in the proper court against the uninsured motorist;

        (2) an agreement as to the amount due under this coverage has been made; or

        (3) the *insured* or his or her representative has formally started arbitration proceedings by making a written request, sent to *us* by certified mail, return receipt requested."

Def. Req. for Judicial Not., Exh. 1 ("Policy") at 32, ¶ 14, ECF 11.[3] These provisions mirror California Insurance Code § 11580.2, which governs uninsured and underinsured motorist coverage. Section 11580.2 states, in relevant part:

    (i)(1) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have been taken within two years from the date of the accident:

        (A) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction.

        (B) Agreement as to the amount due under the policy has been concluded.

        (C) The insured has formally instituted arbitration proceedings by notifying the insurer in writing sent by certified mail, return receipt requested. Notice shall be sent to the insurer or to the agent for process designated by the insurer filed with the department.

Cal. Ins. Code § 11580.2(i)(1).

    On April 18, 2015, Carrasco was involved in an automobile collision caused by an underinsured driver, after which Carrasco required medical care for multiple injuries. *Id.* ¶¶ 8–9. "Shortly [after]" the crash, Carrasco presented evidence to State Farm to assert an underinsured motorist claim, but State Farm denied the claim based on the "statute of limitations." *Id.* ¶¶ 10, 12. On September 5, 2018, more than three years after his accident, Carrasco filed the instant action in Santa Clara County Superior Court against State Farm, alleging breach of contract and

---

[3] The Court takes judicial notice of the policy because it is incorporated by reference in the Complaint and the Complaint "necessarily relies" on the policy. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

2

breach of the implied covenant of good faith and fair dealing. *See generally id.* On October 24, 2018, State Farm removed the action to this Court based on diversity jurisdiction. *See* Not. of Removal, ECF 1.

On October 31, State Farm filed the instant motion to dismiss or, in the alternative, for summary judgment or partial summary judgment. In its motion, State Farm argues, in part, that Carrasco fails to (and indeed, cannot) allege that he complied with the above-listed requirements in bringing his claims against State Farm based on State Farm's denial of Carrasco's underinsured motorist claim. *See generally* Mot.

The Court agrees. Section 11580.2 is essentially a "condition precedent" to the recovery of any uninsured motorist benefits. *See, e.g.*, *United States v. Hartford Acc. & Indem. Co.*, 460 F.2d 17, 19 (9th Cir. 1972); *Blankenship v. Allstate Ins. Co.*, 186 Cal. App. 4th 87, 94 (2010) ("The statute imposes an absolute obligation on the insured to comply with its mandates or else the insured forfeits his claim."). Nowhere in his Complaint does Carrasco allege he complied with any of the three requirements within two years of his accident. Likewise, Carrasco does not allege that this condition precedent is somehow obviated in this case, for example by alleging that the doctrines of estoppel, waiver, impossibility, impracticality, or futility apply (Ins. Code § 11580.2(i)(3)), or that State Farm did not comply with statutory notice requirements, *see* Ins. Code § 11580.2(k); *Juarez v. 21st Century Ins. Co.*, 105 Cal.App.4th 371, 377 (2003). Given Carrasco's failure to allege he has complied with the statutory requirements for bringing a claim against State Farm, the claim for breach of contract must be dismissed. Absent a valid breach of contract claim, Carrasco's breach of the implied covenant of good faith and fair dealing claim also fails. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36, 900 P.2d 619 (1995), *as modified on denial of reh'g* (Oct. 26, 1995) ("It is clear that if there is no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." (emphasis omitted)).

Despite the evidence that State Farm marshals in support of its argument that summary judgment is appropriate, and despite Carrasco's failure to oppose the motion, the Court is not

3

convinced that amendment would be futile—Carrasco may be able to allege, and in turn prove, that he complied with at least one of these requirements. The Court cautions Carrasco to allege only those facts that he can prove and that support a finding that he complied with the relevant statutory provisions, including any facts related to estoppel, waiver, impossibility, impracticality, or futility, or any alleged failure by State Farm to comply with statutory notice requirements.

Accordingly, the motion to dismiss is GRANTED WITH LEAVE TO AMEND. The amended complaint is due **on or before January 28, 2019**. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in dismissal of Carrasco's claims with prejudice.

**IT IS SO ORDERED.**

Dated: January 8, 2019

_____
BETH LABSON FREEMAN
United States District Judge